UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANGELO BURNETT,

Plaintiff,

v.

MICHAEL HOWARD,

Defendant.

Case No. 2:26-cv-90

Honorable Ray Kent

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Compl., ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.”).[1]

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff’s *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff’s allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff’s complaint for failure to state a claim. The Court will also deny Plaintiff’s motion for a temporary restraining order (ECF No. 5).

## Discussion

### I. Factual Allegations

Plaintiff’s complaint concerns events which appear to have occurred while Plaintiff was housed at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Urologist Michael Howard of MMMC Sault Urology Office.

Plaintiff alleges that Defendant Howard diagnosed Plaintiff with an aggressive form of prostate cancer but did not prescribe Plaintiff with any form of treatment and did not refer Plaintiff

[1] *But see Coleman v. Lab. & Indus. Rev. Comm’n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), “context matters” and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black’s Law Dictionary for the definition of “parties” and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of “the term’parties’ solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of’parties’ in other contexts”).

to an oncologist. (Compl., ECF No. 1, PageID.3.) Based on these allegations, Plaintiff seeks injunctive and monetary relief. (*Id.*, PageID.4.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

Here, Plaintiff alleges that Defendant Howard, a private medical doctor, failed to prescribe Plaintiff with appropriate medical care or refer him to an oncologist. However, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Plaintiff has not alleged facts that would plausibly suggest that Defendant Howard acted under color of law.

A private doctor does not become a state actor merely because he treats a prisoner. *Scott v. Ambani*, 577 F.3d 642, 649 (6th Cir. 2009). Instead, the standard for determining whether a doctor treating a prisoner acted under color of state law for purposes of a § 1983 claim focuses on "the relationship among the State, the physician and the prisoner." *Id.* (quoting *West v. Atkins*, 487 U.S. 42, 55–56 (1988)).

Here, Plaintiff merely alleges that Defendant Howard is a private medical doctor who works outside of the MDOC and who informed Plaintiff of his prostate biopsy results. Plaintiff does not allege that Defendant Howard was a prison official, that he was an MDOC employee, that he had a contract with the State, or that he served any function in the state prison system. Plaintiff also does not allege that anyone within the MDOC compelled or had any role in the care provided by Defendant Howard. The fact that Defendant Howard treated Plaintiff at the MDOC's request or that the MDOC paid Defendant Howard for his services does not render Defendant Howard a state actor for purposes of § 1983. *See Scott*, 577 F.3d at 649; *Raper v. Cotroneo*, No. 1:17-cv-368, 2017 WL 4173507, at *3 (W.D. Mich. Sept. 21, 2017) ("The fact that Defendant Cotroneo may have been paid from public resources does not render him a state actor for purposes of § 1983." (citing *See Rendell–Baker v. Kohn*, 457 U.S. 830, 840 (1982))); *Ketola v. Clearwater*, No. 1:08-cv-31, 2008 WL 4820499 at *2–3 (W.D. Mich. Oct. 31, 2008) (holding that, even if the defendant hospital and its physician "treated [the prisoner plaintiff] at the state's request and expense, they did not thereby become state actors").

The lack of any factual allegations that would suggest that Defendant Howard acted under color of law warrants dismissal. *See Thomas v. Garner*, No. 1:18-cv-48, 2018 WL 4384587, at *3 (M.D. Tenn. Sept. 13, 2018) ("Because Plaintiff fails to allege that Dr. McKnight had any particular function in the state system, he was not acting under color of state law and Plaintiff fails to state a claim against him."); *Raper*, 2017 WL 4173507, at *3 (holding that the plaintiff-prisoner's failure to allege anything more than that the defendant surgeon performed surgery poorly on the plaintiff's leg warranted dismissal because the doctor could not be considered a state actor). Therefore, the Court will dismiss Plaintiff's § 1983 claims against Defendant Howard.

To the extent that Plaintiff intended to file a medical malpractice action under state law, Plaintiff has not complied with the state-law requirements for filing a medical malpractice action. Specifically, he does not allege that he sent to Defendant Howard a notice of intent to file a lawsuit at least 182 days before filing suit. *See* Mich. Comp. Laws § 600.2912b(1). Similarly, Plaintiff did not "file with the complaint an affidavit of merit signed by a health professional who . . . meets the requirements of an expert witness under [state law]." Mich. Comp. Laws § 600.2912d(1). The Court therefore will dismiss Plaintiff's state-law claim of medical malpractice for failure to state a claim as well.

## III. Motion for Temporary Restraining Order

On April 20, 2026, Plaintiff filed a motion for a temporary restraining order. (ECF No. 5.) Because this case will be dismissed in its entirety for failure to state a claim, the Court will deny Plaintiff's request for a temporary restraining order.

## <u>Conclusion</u>

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and

1915A(b), and 42 U.S.C. § 1997e(c). The Court will also deny Plaintiff's motion for a temporary restraining order (ECF No. 5).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: October 29, 2026

/s/ Ray Kent
Ray Kent
United States Magistrate Judge